# UNITED STATES DISTRICT COURT
для the
Eastern District of California

**FILED**
APR 26 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

In the Matter of the Search of )
)
3273 Juliet Road )  Case No.
Stockton, California 95205 )
) 2:19-SW-0183 AC
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location):*

SEE ATTACHMENT A-2, attached and incorporated by reference.

**UNSEALED**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before _____03/22/2019_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __3/8/19  11:50 a__   _____*an Chi*_____
                                                    *Judge's signature*

City and state:   Sacramento, California     Allison Claire, U.S. Magistrate Judge
                                                    *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: <br> 2:19-SW-0183 AC | Date and time warrant executed: <br> 3/13/19   2:45 pm | Copy of warrant and inventory left with: <br> At residence |
| Inventory made in the presence of: <br> SA Seth McMullen | | |
| Inventory of the property taken and name of any person(s) seized: <br><br> - Miscellaneous indicia | | |

### Certification

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

*[signature]*

Subscribed, sworn to, and returned before me this date.

*[signature]*        4/11/19
Signature of Judge        Date

## Attachment A-2

### 3273 Juliet Road, Stockton, California 95205

The parcel number (APN) for 3273 Juliet Road, Stockton, California 95205 is 173-360-160-000.

This residence is a single-story dwelling with an attached garage. It is located near the intersection of Juliet Road and Tarragona Way.

The building is light tan in color. There is a chain-link fence that appears to stretch across the east, north, and most of the west sides of the property. The garage door is white.

The main entrance for the house is on the south side of the main structure, just east of the attached garage. The trim line where the roof meets the wall is white and surrounds the entirety of the building. The window trim for the building is also white. An enclosed structure is attached to the north side of the building. This addition is white on three sides and attached to the main building on the fourth.



## ATTACHMENT B

## ITEMS TO BE SEARCHED FOR AND SEIZED FROM THE PREMISES AND FROM ANY CLOSED ITEMS AND CONTAINERS FOUND THEREIN

Agents are authorized to search and seize property that constitutes evidence, fruits, proceeds, and instrumentalities of violations of the following federal statutes (the "Target Offenses") believed to have been committed by Manuel FELIX-RIVERA:

1. 21 U.S.C. § 841(a)(1) – Distribution and Possession with Intent to Distribute Fentanyl

As further described in the affidavit, the specific evidence, fruits, proceeds and instrumentalities of the Target Offenses for which agents may search includes:

1. Any fentanyl, illegal drugs or drug paraphernalia, including scales, measuring devices, and weighing devices; narcotics diluting or cutting agents; narcotics packaging materials, including plastic, tin foil, cellophane, jars, plastic bags, and other containers;

2. United States currency and foreign currency linked to drug trafficking and/or the proceeds of drug trafficking;

3. Money ledgers, narcotics distribution or customer lists, narcotics supplier lists, correspondence, notations, logs, receipts, journals, books, pay and owe sheets, records and other documents noting the price, quantity, date and/or times when narcotics were purchased, possessed, transferred, distributed, sold or concealed; computer disks, computer printouts, computer codes and computer programs in addition to computer hard disks, computer screens, computer keyboards, directory disks, all computer components which operate computers and which would reveal the receipt of proceeds from heroin or fentanyl distribution and the transfer, investment, control and disposition of those proceeds;

4. Bank account records, wire transfer records, bank statements, safety deposit keys and records, money wrappers, money containers, income tax returns, evidence of financial transfer, or movement of money generated from the sale of narcotics;

5. Telephone paging devices, beepers, mobile phones, car phones, answering machines and tapes, and other communication devices which evidence participation in a conspiracy to distribute controlled substances;

6. Personal telephone and address books and listings, letters, cables, telegrams, telephone bills, photographs, audio and video tapes, personal notes and other items reflecting names, addresses, telephone numbers,

communications, and illegal activities of associates in drug trafficking activities;

7. Financial instruments purchased with large amounts of currency derived from the sale of controlled substances, including travelers checks, bonds, stock certificates, cashier's checks and certificates of deposit; money counting machines, money wrappers and bags used to carry controlled substances;

8. Records, documents and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items obtained with the proceeds of the sales of controlled substances;

9. Records, items, and documents reflecting travel, including airline tickets, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to location;

10. Handguns, shotguns, rifles, ammunition and other firearms possessed in relation to drug trafficking or discovered in the possession of a prohibited person;

11. Devices commonly used to conduct counter-surveillance against law enforcement including, but not limited to, scanners, police radios, surveillance cameras, recordings of surveillance footage, monitors, anti-bugging devices, and devices used to detect the presence of wiretaps, recording devices, transmitters, and/or receipts or literature describing the same;

12. Personal property tending to show the existence and/or location of other stored narcotics including, but not limited to, storage locker receipts, records, and maps, safety deposit keys and corresponding;

13. Indicia of occupancy, residency, control or ownership of the premises and things described in this warrant, including utility bills, telephone bills, loan payment receipts, rent documents, canceled envelopes and keys, photographs, and bank records.